UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 23-CV-20891-SCOLA/GOODMAN**

MARK A. PERSON,

                Plaintiff,

v.

CAMILLUS HOUSE and
ALLIED UNIVERSAL,

                Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON *SUA SPONTE* DISMISSAL OF PLAINTIFF'S COMPLAINT

Mark A. Person ("Plaintiff" or "Person") filed a *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) [ECF No. 3] and a group of documents which the Clerk of the Court has docketed as a complaint [ECF No. 1 ("Complaint")]. United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 4].

For the reasons stated herein, the Undersigned respectfully **recommends** that the District Court **dismiss without prejudice** Plaintiff's Complaint [ECF No. 1] (except that the Title 18 claim should be dismissed *with* prejudice) and **deny as moot without**

**prejudice to renew** the instant motion to proceed *in forma pauperis* [ECF No. 3], if Plaintiff files an amended complaint.

## I.      Background

### A.      Judge Bloom Case (Case No. 23-cv-20510-BB)

On February 8, 2023, Person filed a document which the Clerk of the Court docketed as an affidavit in Case No. 23-cv-20510-BB, *Person v. Camillus House Inc.* ("Judge Bloom case"). [ECF No. 1 in Case No. 23-cv-20510-BB].[1] In the affidavit, Person recited facts and events which occurred while he was a resident at a shelter ("Camillus House"). He also filed a motion to proceed *in forma pauperis*. [ECF No. 3 in Case No. 23-cv-20510-

---

[1]      Although this document is titled an "affidavit," it is not made under penalty of perjury and the notary acknowledgment section is not completed. [ECF No. 1 in Case No. 23-cv-20510-BB]. The purported affidavit is also not a declaration pursuant to 28 U.S.C. § 1746(2), which requires the statement: "I declare (or certify, verify, or state) **under penalty of perjury** that the foregoing is true and correct." (emphasis added). *See Jones v. Myers*, No. CV 15-00268-KD-B, 2018 WL 1404902, at *8 n.9 (S.D. Ala. Feb. 22, 2018), report and recommendation adopted, No. CV 15-0268-KD-B, 2018 WL 1403891 (S.D. Ala. Mar. 20, 2018) ("[S]tatements . . . [were] not valid affidavits [ ] [because] they lack[ed] an oath affirming them or a notary seal, and they [were] not declarations in compliance with 28 U.S.C. § 1746, as they [were] not made 'under penalty of perjury.'"); *Phillips v. Publ'g Co., Inc.*, No. CV213-069, 2015 WL 5821501, at *30 n.13 (S.D. Ga. Sept. 14, 2015) ("Because [the] [p]laintiff's [a]mended [c]omplaint and [d]eclaration [were] not notarized, [were] based on his information and belief rather than his personal knowledge of what is 'true and correct,' and [were] not made 'under penalty of perjury,' these filings lack the reliability of an affidavit or a declaration verified pursuant to 28 U.S.C. § 1746.").

Person is *not required* to file a verified complaint. The Undersigned is merely noting that the document Person titled an "affidavit" is not, in fact, a true affidavit for the reasons outlined above.

BB].

The next day, Judge Bloom entered a *sua sponte* Order of Dismissal [ECF No. 5 in Case No. 23-cv-20510-BB]. Judge Bloom's Order implicitly construed Person's affidavit as a complaint and dismissed it without prejudice for failure to plead subject matter jurisdiction:

> Plaintiff, proceeding *pro se*, has filed his Complaint with the Court and alleged that "[a]fter suffering significant loses [sic] at the hand of Camillus House Inc. I had no other options but to pursue legal actions." *See* [ECF No. 1 at ¶ 12 in Case No. 23-cv-20510-BB]. Among other allegations, Plaintiff states that he submitted a grievance to Camillus House Inc. on the harassment from the other client in his room, but that nothing was done to alleviate the situation. *Id.* at ¶ 8. Plaintiff alleged that he believes nothing was done "because the client was a white male.["] *Id.* **He does not assert jurisdiction under any federal statute which prohibits discrimination on the basis of race. There is no assertion of jurisdiction in the Complaint. Because Plaintiff has not articulated jurisdiction under a specific statutory grant, federal question jurisdiction, and does not assert that diversity jurisdiction exists, the Court lacks subject matter jurisdiction**.

*Id.* at 2-3 (footnote omitted; emphasis added).

**B.    The Instant Case**

Rather than file an amended complaint in the Judge Bloom case, Person filed the instant action on March 3, 2023. [ECF No. 1].[2]

Person initiated the instant action by filing a group of documents which consist of a one-paragraph statement ("Statement"), *id.* at 1, the same affidavit from the Judge

---

[2]    It is also possible that Person intended to file these documents in the Judge Bloom case and the Clerk of the Court opened a new case.

Bloom case ("Affidavit"), *id.* at 2-4, a civil coversheet demanding $1,500,000,000, *id.* at 5, various completed forms from Camillus House (i.e., Client Grievance Forms, Homeless Verification Forms – Housing, and Behavior Contracts), *id.* at 6-7, 9-16, an impound invoice from non-party Alpine Towing Inc., *id.* at 8, the civil coversheet from the Judge Bloom case, [ECF No. 1-1], and summonses to be issued to Defendants Camillus House Inc. ("Camillus") and Allied Universal Security Services Inc. ("Allied") [ECF No. 1-2].

The Statement asserts, in its entirety, that:

This cause of action is brought to this District Court of the United States of America in a pro-se aspect seeking to proceed in forma pauperis. I Mark A. Person seek to enlist this court in proceedings in litigation proceedings with Camillus House & Allied Universal security services Inc. 42 U.S.C § 2000d et esq prohibits discrimination based on sex, race, color, national origin, or ethnicity. 42 U.S.C § 12203 prohibits retaliation and coercion. 18 U.S.C § Ch. 65 prohibits malicious Mischief. Camillus House participated in multiply federally protected rights that shall not be infringed upon based on rights afforded to me in the constitution. In an effort to cure the deficiencies alleged in the complaint I seek to proceed with filing legal action against Camillus House Inc. 28 U.S.C § 1331 gives authority to hear all Civil Cases to the United States District Court under the Constitution, laws, or treaties Statement of facts attached outlining the cause, deficiencies, and remedies being sought. WITNESS MY SIGNATURE ON THE BOTTOM OF THIS PAGE. I SEEK MONETARY JUDGEMENT IN THIS PROCEEDING.

[ECF No. 1, p. 1 (grammar, typographical errors and capitalization in original)].

As indicated above, the Affidavit filed in the instant case [ECF No. 1, pp. 2-4] is the same construed-as-a-complaint document Person filed in the Judge Bloom case. It even bears the same CM/ECF header with the Judge Bloom case number and the same stamp from the Clerk of the Court dated February 8, 2023.

The Undersigned will similarly construe as Person's Complaint the Statement, the Affidavit, and the attached exhibits [ECF No. 1]. Nonetheless, for the reasons discussed below, Persons' Complaint should be dismissed without prejudice (as to most claims) and with leave to amend because it fails to state a claim under Fed. R. Civ. P. 12(b)(6) and contains other pleading deficiencies.

## II.     Applicable Legal Standard

As noted above, Plaintiff has moved to proceed *in forma pauperis*. The Court has an obligation to review the complaint brought by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," then the Court shall dismiss the case at any time. *Id.*

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Factual frivolity means 'clearly baseless' on the facts, and legal frivolity means an 'indisputably meritless' legal theory." *Shell v. Von Saal*, No. 08-61154, 2009 WL 960809, at *1-2 (S.D. Fla. Apr. 7, 2009) (quoting *Neitzke*, 490 U.S. at 327).

A litigant's history of bringing unmeritorious litigation can also be considered in assessing frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). This is because 28 U.S.C. § 1915 "'represents a balance between facilitating an indigent person's access to

the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted.'" *Shell*, 2009 WL 960809, at *2 (quoting *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990)).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [courts] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite

an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## III.    Analysis

### A.    Plaintiff's Complaint Should Be Dismissed Without Prejudice

#### i.    Failure to State a Claim, Fed. R. Civ. P. 12(b)(6)

"Because the screening provisions of 28 U.S.C. § 1915(e)(2) apply to Plaintiff's Motion, the Court first reviews the Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Emrit v. Univ. of Miami Sch. of Law, et al.*, No. 23-CV-20847, 2023 WL 2374441, at *3 (S.D. Fla. Mar. 6, 2023).

Person's Complaint [ECF No. 1] should be dismissed for failure to state a claim. As noted above, the standard for determining whether a complaint states a claim upon which relief may be granted is the same under 28 U.S.C. § 1915(e)(2)(B)(ii) as under Federal Rule of Civil Procedure 12(b)(6). *Mitchell*, 112 F.3d at 1490.

Here, Person's Complaint includes a Statement which cites to the following federal statutes: 42 U.S.C. § 2000d, *et seq.*, 42 U.S.C. § 12203, "18 U.S.C. § Ch. 65" and 28 U.S.C. § 1331. [ECF No. 1, p. 1]. The Court's federal question jurisdiction is set forth in 28 U.S.C. § 1331. The Undersigned will address the remaining statutes below.

a.    **42 U.S.C. § 2000d,** *et seq.* **(Title VI of the Civil Rights Act)**

"Title VI prohibits intentional discrimination based on 'race, color, or national origin . . . under any program or activity receiving Federal financial assistance.'" *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, 835 F. App'x 418, 420 (11th Cir. 2020) (quoting 42 U.S.C. § 2000d). The Affidavit contains one race-based allegation:

> On May 24, 2022 I submitted a grievance to Camillus House Inc. on the harassment from the client in my room. I woke up to the same client standing over me and I was in fear of my life. The same client was still in the same room as me and Camillus House Knew the situation and refused to alleviate them. **I believe nothing was done to alleviate the situation because the client was a white male**.

[ECF No. 1, ¶ 8 (emphasis added; grammar and typographical errors in original)].

While the Affidavit alleges that Person's *roommate* (who he refers to as "the client," meaning a client of Camillus) received preferential treatment because of his race, there are *no* allegations that Person himself was discriminated against on the basis of "race, color, or national origin." 42 U.S.C. § 2000d. In fact, there are *no* allegations concerning Person's "race, color, or national origin." *Id.*

To state a cause of action under Title VI, Person's Complaint must allege that he *himself* is a member of a protected class. *See Webb v. Christiana Care Health Servs., Inc.*, No. CV 22-1267 (MN), 2023 WL 112090, at *2 (D. Del. Jan. 5, 2023) ("As pled, the Title VI claims fail. [The] [p]laintiff ha[s] not identified his protected class and the Title VI claim is alleged in a conclusory manner."); *Alvarez v. HUD*, No. 22-CV-3631, 2022 WL 17252193, at *3 n.7 (E.D. Pa. Nov. 28, 2022) ("Title VI prohibits discrimination based on race, color,

8

or national origin by recipients of federal funding. *See* 42 U.S.C. § 2000d. For the same reasons that Alvarez's FHA claims fail, so do his claims under Title II and Title VI. Alvarez has not alleged any discrimination on account of his membership in a protected class.").

There are also no allegations in the Complaint that Camillus and/or Allied receive federal funding. *See Marsalis v. STM Reader, LLC*, No. 1:19-CV-00543-ELR, 2019 WL 11583476, at *2 (N.D. Ga. Apr. 9, 2019), aff'd and remanded, 806 F. App'x 748 (11th Cir. 2020) ("[The] [p]laintiff has not asserted that [the] [d]efendants receive federal funding for a proper racial discrimination claim pursuant to Title VI of the Civil Rights Act of 1964, as Title VI 'prohibits discrimination only by recipients of federal funding.'" (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1169-70 (11th Cir. 2003)); *Hinds v. Glatthorn*, No. 618CV1415ORL37KRS, 2018 WL 5817278, at *4 (M.D. Fla. Nov. 7, 2018) (dismissing Title VI claim where "[the] [p]laintiff provided no facts to indicate that any of the defendants received federal funds, that he was denied participation in a federally funded program, or that any such denial was based on his race, color, or national origin" (citations omitted)).

To the extent Person seeks to assert a claim under Title VI of the Civil Rights Act (42 U.S.C. § 2000d, *et seq.*), it should be dismissed without prejudice for failure to state a claim.

**b.     42 U.S.C. § 12203 (Title V of the ADA)**

Person also cites 42 U.S.C. § 12203, Title V of the ADA. As one court explained:

"The ADA covers three main types of discrimination, each of which is addressed in one of the statute's three main subchapters: Title I prohibits discrimination in private employment; Title II prohibits discrimination by public entities (state or local governments); and Title III prohibits discrimination by a 'place of public accommodation,' which is a private entity that offers commercial services to the public." *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (quotations and citations omitted). **Section 12203(a) provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a)**.

*Forney v. Fla.*, No. 3:19-CV-692-J-32MCR, 2020 WL 4931739, at *4 n.1 (M.D. Fla. May 19, 2020) (emphasis added); *see also Copeland v. Ga. Dep't of Juv. Just.*, No. 7:12-CV-24 HL, 2013 WL 1296778, at *15 (M.D. Ga. Mar. 27, 2013) ("The ADA's retaliation provision makes it unlawful to discriminate against any person who 'opposed any act or practice made unlawful' by the ADA. 42 U.S.C. § 12203(a). 'Acts or practices made unlawful' by the ADA include 'coerc[ing], intimidat[ing], threaten[ing], or interfer[ing] with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter.'" (quoting 42 U.S.C. § 12203(b))).

"To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) he participated in a statutorily protected activity or expression; (2) he suffered an adverse action; and (3) the adverse action was related to the protected activity." *Albra v.*

*City of Ft. Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 (11th Cir. 2003)). In addressing a Title V retaliation claim, "[t]he Court examines not whether [the plaintiff] was discriminated against based on her alleged disability, but whether she was discriminated against for 'oppos[ing] any act or practice made unlawful' by the ADA." *Defee v. Allen*, No. 7:16-CV-231 (WLS), 2018 WL 11251598, at *5 (M.D. Ga. May 24, 2018) (quoting 42 U.S.C. § 12203).

Here, Person's Complaint does not allege that he opposed any act or practice prohibited by the ADA or that either Defendant retaliated against him or coerced or threatened him **because he exercised any right under the ADA**. Thus, Plaintiff's Complaint fails to state a claim under Title V of the ADA, 42 U.S.C. § 12203. *See Chavous v. Hous. Visions Unlimited, Inc.*, No. 522CV00811LEKTWD, 2022 WL 9967833, at *4 (N.D.N.Y. Oct. 17, 2022), report and recommendation adopted, No. 522CV811AMNTWD, 2023 WL 1775699 (N.D.N.Y. Feb. 6, 2023) ("Title V of the ADA, sometimes referred to as the 'retaliation provision,' . . . does not appear applicable because [the] [p]laintiff does not allege that she engaged in activity protected by the ADA, that [the] [d]efendants were aware of that activity, or that [the] [d]efendants took any adverse action against [the] [p]laintiff causally related to that protected activity.").

To the extent Person seeks to assert a claim under Title V of the ADA, it should be dismissed without prejudice for failure to state a claim.

### c.   18 U.S.C. § Ch. 65 (Criminal Statute)

Person states that "18 U.S.C § Ch. 65 prohibits malicious [m]ischief." [ECF No. 1, p. 1]. Chapter 65 is titled "Malicious Mischief," but Person's citation is missing a section number and Chapter 65 includes nine sections. Thus, the Undersigned is unable to determine *which* of the nine sections of Chapter 65 Person meant to cite.

In any event, "Title 18 of the United States Code is a criminal statute which provides no private cause of action." *Belle-Bey v. Adams*, No. 4:19-CV-2724 SNLJ, 2019 WL 5086967, at *2 (E.D. Mo. Oct. 10, 2019). "[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *see also Banks v. Graddick*, No. CIV.A. 14-0319-KD-N, 2015 WL 566931, at *1 (S.D. Ala. Feb. 11, 2015) ("[R]eferences to defendants committing criminal offenses are not appropriate in a civil action. It is only a prosecutor who may prosecute criminal offenses.").

To the extent Person seeks to bring a claim under Title 18, it should be dismissed *with* prejudice.

### ii.   Other Pleading Deficiencies

Person's Complaint [ECF No. 1] should also be dismissed without prejudice to correct pleading deficiencies.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 10(b) . . . requires a party to state

12

its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and 'each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense' when doing so promotes clarity." *Howell v. CrossPoint Veterinary Hosp.*, LLC, No. 8:21-CV-1252-CEH-SPF, 2021 WL 4953152, at *3 (M.D. Fla. Oct. 8, 2021), report and recommendation adopted, No. 8:21-CV-1252-CEH-SPF, 2021 WL 4950249 (M.D. Fla. Oct. 25, 2021), reconsideration denied, No. 8:21-CV-1252-CEH-SPF, 2021 WL 5234628 (M.D. Fla. Nov. 10, 2021) (quoting Fed. R. Civ. P. 10(b)).

Here, the Complaint is not separated into counts or claims. It is comprised of: (1) a block of text citing three federal statutes and Chapter 65 of Title 18 (the Statement); (2) a factual narrative (the Affidavit) concerning events which occurred while Person was a resident at Camillus House; and (3) various exhibits. Person appears to have filed this lawsuit against *both* Camillus and Allied, but the Complaint does not specify which defendant violated which statute(s), nor does it specify which facts pertain to which causes of action.

The Eleventh Circuit has stated that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a type of shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (identifying "four rough types or categories of shotgun pleadings"). "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the

pleader is entitled to relief[.]'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, Person's Complaint should be dismissed without prejudice because it violates Rule 8(a)(2).

Person's Complaint should also be dismissed for violating Rule 10(b). *See Casleberry v. Ekwinife*, No. 523CV00017MTTCHW, 2023 WL 1965280, at *3 (M.D. Ga. Feb. 13, 2023), report and recommendation adopted, No. 5:23-CV-17 (MTT), 2023 WL 2347435 (M.D. Ga. Mar. 3, 2023) ("[The] [p]laintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances."); *Howell*, 2021 WL 4953152, at *3 ("[The] failure . . . to present each claim for relief in a separate count violates Rule 10(b)."); *Ballard v. Eclectic City Police Dep't*, No. 2:22-CV-405-RAH-SMD, 2023 WL 2375935, at *2 (M.D. Ala. Feb. 7, 2023), report and recommendation adopted, No. 2:22-CV-405-RAH, 2023 WL 2375238 (M.D. Ala. Mar. 6, 2023) ("[T]o comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.").

Because the Complaint is due to be re-pled, the Undersigned points out that it contains no allegations concerning the Court's *personal* jurisdiction over Camillus and Allied. Notably, the to-be-issued summons for Allied has a Conshohocken, Pennsylvania address. [ECF No. 1-2, p. 3]. "A plaintiff bears the initial burden of alleging sufficient facts

to make out a prima facie case that the Court has personal jurisdiction over a nonresident defendant." *Nakamoto v. United States*, No. 1:21-CV-04260-SDG, 2022 WL 4378698, at *2 (N.D. Ga. Sept. 21, 2022) (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002)).

Accordingly, the District Court should dismiss Plaintiff's Complaint without prejudice on these additional grounds.

**B.    Plaintiff's Motion to Proceed *in Forma Pauperis* Should Be Denied without Prejudice**

Pending before this Court is Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3]. The Undersigned **respectfully recommends** that Plaintiff's motion be **denied as moot without prejudice to renew**, if necessary. Plaintiff should be permitted to re-file his motion to proceed *in forma pauperis*, if and when, he files an amended complaint.

[**Note:** This Report and Recommendations does *not* substantively conclude that Plaintiff in fact has viable factual and legal grounds to file an amended complaint. It merely recommends that Persons be given the opportunity to do so *if* he can do so consistent with his obligations under Federal Rule of Civil Procedure 11.[3] If he cannot, then (obviously) he should not file an amended complaint. Resources and information

---

[3]    "Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court, including those filed *pro se*." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306 (11th Cir. 2022).

related to proceeding in court without a lawyer are available on the Court's website (https://www.flsd.uscourts.gov/filing-without-attorney).].

## IV. Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the Complaint [ECF No. 1] be *sua sponte* **dismissed with prejudice to the extent it seeks to bring a claim under Title 18 and without prejudice** as to the remaining claims and that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] be **denied as moot without prejudice to renew**, if and when an amended complaint is filed.

Any amended complaint should be separated into counts and identify which defendant Plaintiff is suing under each count.

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations and to which they did not object, except upon grounds of plain error if necessary in the

interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Counsel of Record